**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,        )
                                  )
         v.                )       Cr. ID No. 1212011741
                                  )
WILLIAM SANTIAGO,       )
                                  )
       Defendant.      )

**ORDER ON
DEFENDANT'S MOTION FOR REARGUMENT**

Allison Abessinio, Esquire               Michael W. Modica, Esquire
Deputy Attorney General              715 King St., Ste. 300
820 N. French Street, 7TH Floor       P.O. Box 437
Wilmington, DE 19801               Wilmington, DE 19899-0437
*Attorney for the State of Delaware*     *Attorney for Defendant*

Date Submitted: February 17, 2014
Date Decided: February 24, 2014

**FRACZKOWSKI, J.**

On October 28, 2013, Defendant filed this Motion for Reargument and/or for New Trial

of the Court's decision of August 29, 2013, in which the Court denied Defendant's motion to

suppress and subsequently found Defendant guilty of Driving Under the Influence of Alcohol

and Possession of Drug Paraphernalia.  The State contends that the motion is untimely under the

governing rule, *Court of Common Pleas Criminal Rule* 33.

**FACTS**

Trial in this matter was held on August 29, 2013.  The Court first heard Defendant's

motion to suppress evidence obtained in a non-consensual, warrantless extraction of Defendant's

blood.  The Court, bound by the Superior Court's decision in *State v. Flonnory*,[1] denied the

Motion, and the matter proceeded to trial.  Ultimately, the Court found Defendant guilty of

---

[1] *State v. Flonnery*, 2013 WL 3327526 (Del. Super. June 12, 2013).

Driving Under the Influence of Alcohol and Possession of Drug Paraphernalia. Counsel for Defendant moved to defer sentencing for 60 days, for the opportunity to file a motion to reargue following the issuance of a pending Superior Court decision. The State did not object. The Court granted Defendant's motion and sentencing was scheduled for November 18, 2013.

On October 28, 2013, Defendant filed the present motion, titled "Motion for Reargument and/or for New Trial." Defendant argues that subsequent to trial, the Superior Court issued *State v. Jones*,[2] which implicitly rejects the *Flonnery* holding upon which this Court's decision was based.

The State argues that Defendant's motion is untimely under *Court of Common Pleas Criminal Rule* 33. Furthermore, the State contends, Defendant was not deprived of due process and a new trial is not the proper remedy, as the Court's decision was based on case law that existed at the time of trial.

**LAW**

Despite the dual title of Defendant's motion, the argument presented by Defendant was consistent with a motion for reargument. The State, on the other hand, presented argument only as to a motion for new trial. The Court will bifurcate the motion and address the merits of Defendant's motion as a motion for new trial and as a motion for reargument separately.

### a. Motion for New Trial

Motions for new trial must be timely filed pursuant to *Court of Common Pleas Criminal Rule* 33, which provides:

> The Court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the Court without a jury the Court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new

---

[2] *State v. Jones*, 2013 WL 5496786 (Del. Super. Sept. 9, 2013).

2

trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the Court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty *or within such further time as the Court may fix during the 7-day period.*[3]

At the conclusion of trial, counsel for Defendant moved for sentencing be deferred. Counsel specified that this request was made for the purpose of filing a motion on Defendant's behalf in the event that the Superior Court were to issue a pending decision, which counsel believed would conflict with *Flonnery*. The State did not object. The Court granted Defendant's, and deferred sentencing for 60 days. Defendant filed this motion within the 60 day period, which was established by the Court on the day the verdict was issued. Thus, Defendant's motion is timely under *CCP Crim. R. 33*.

### a. Motion for Reargument

The criminal rules of this Court do not address motions for reargument, however, *Court of Common Pleas Criminal Rule* 57(b) addresses procedures not specified by rule as follows: "[i]f no procedure is specifically prescribed by Rule, the Court may proceed in any lawful manner not inconsistent with these Rules or with any applicable statute."[4] The Court has considered motions for reargument in the criminal context under the standard of review set forth in the civil text.[5] A motion for reargument will be granted if "the Court has overlooked a controlling precedent or legal principle, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[6] For a motion for reargument to

---

[3] *CCP Crim. R.* 33 (emphasis added).
[4] *CCP Crim. R.* 57(b).
[5] *See Parisan v. Cohan*, 2012 WL 1066506 (Del. Com. Pl. March 29, 2012); *State v. Bifferato*, 2010 WL 3958778 (Del. Com. Pl. Aug. 17, 2010); *State v. Munzer*, 2009 WL 206088 (Del. Com. Pl. Jan. 9, 2009).
[6] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

be granted, the movant must "demonstrates newly discovered evidence, a change in the law, or manifest injustice."[7]

Defendant argues that reargument is warranted due to a change in the law. Defendant contends that *State v. Jones*,[8] which was released by the Superior Court in the 60 day interim between trial and sentencing, implicitly rejects the holding in *State v. Flonnory*.[9] In *Flonnory*, the court found that Delaware's implied consent statute exempts blood draws from the warrant requirement.[10] On the other hand, the *Jones* court suppressed evidence obtained in a warrantless, forced blood draw where the State failed to establish that sufficiently exigent circumstances existed.[11]

In the present case, the Court based its decision to deny Defendant's motion to suppress on *Flonnery*. The Defendant requested a stay of sentencing on the grounds that an expected change in the law would warrant reargument. The State did not object, and the Court deferred sentencing for 60 days. Indeed, within the 60 day period, the Superior Court issued *State v. Jones*, which conflicts with the holding in *Flonnery*. (The Court also notes the decision issued on November 4, 2013, by the Superior Court in *State v. Predeoux*, 2013 WL 5913393 (Del. Super. Nov. 4, 2013), in which the analysis and conclusion does not follow the analysis and conclusion in the *Flonnery* case). The *Jones* holding set forth a change in the law that would have altered the outcome of this Court's underlying decision. Accordingly, Defendant's motion for reargument must be granted.

---

[7] *World Airways, Inc. v. Golson*, 2013 WL 6917358, at *2 (Del. Super. Nov. 8, 2013) (quoting *Kennedy*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[8] *Jones*, 2013 WL 5496786 (Del. Super. Sept. 9, 2013).
[9] *Flonnery*, 2013 WL 3327526 (Del. Super. June 12, 2013).
[10] *Id*. at 6.
[11] *Jones*, 2013 WL 5496786, at *5-6 (Del. Super. Sept. 9, 2013).

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion for

Reargument and/or New Trial is **GRANTED**

    **IT IS SO ORDERED.**


_____

Alfred Fraczkowski, Associate Judge[12]

---

[12] Sitting by appointment pursuant to Del. Const. Art. IV, § 38 and 29 *Del. C.* § 5610.